# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DONALD JAMES COTTERMAN,**

    Plaintiff,

vs.                                                 Case No. 4:17cv102-MW/CAS

**LIEUTENANT JULIE MARTIN,**

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

Service of the pro se Plaintiff's second amended complaint was directed, ECF No. 15, and summons was returned executed on October 13, 2017. Defendant Martin filed an answer with affirmative defenses.[1] ECF No. 20. After entry of an Initial Scheduling Order, ECF No. 21, Defendant Martin filed a motion to dismiss on December 1, 2017. ECF No. 22. Defendant now argues that in addition to the fact that Plaintiff failed to exhaust administrative remedies, dismissal is warranted pursuant to the "fugitive disentitlement doctrine." *Id.* Defendant Martin points out that as of

---

[1] Defendant's sixth affirmative defense was that Plaintiff "failed to exhaust such administrative remedies as are available." ECF No. 20 at 5.

the date the motion was filed, Plaintiff was a fugitive as he escaped from the Wakulla County Jail on November 16, 2017. *Id.* at 12.

In the event Plaintiff was captured and returned to the Jail, ruling on the motion was deferred and a deadline set for Plaintiff to file a response. ECF No. 23. As of this date, no opposition to the motion has been filed.

The "fugitive disentitlement doctrine" permits a court to dismiss a case filed by a litigant who becomes a fugitive. Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998) (citing Prevot v. Prevot, 59 F.3d 556, 564-65 (6th Cir. 1995)). "The rationales for this doctrine include the difficulty of enforcement against one not willing to subject himself to the court's authority; the inequity of allowing a fugitive to use court resources only if the outcome is an aid to him; and the need to avoid prejudice to the nonfugitive party." Magluta, 162 F.3d at 664 (citing Degen v. United States, 517 U.S. 820, 824-25, 828, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996); United States v. Barnette, 129 F.3d 1179, 1183 (11th Cir. 1997)). To dismiss a civil action on fugitive disentitlement grounds, this Court must find that: "(1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) the sanction employed by the district court, dismissal, is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine." 162 F.3d at 664 (citing Degen, 517 U.S. at

829, 116 S.Ct. 1777; <u>Ortega-Rodriguez v. United States</u>, 507 U.S. 234, 242-49, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993)).

Here, judicial notice is taken that Plaintiff has not yet been captured and remains a fugitive. This civil rights action was brought to challenge the actions of a jail official at the jail where Plaintiff was detained. Accordingly, this case is connected with his fugitive status. Finally, dismissing this case is necessary because his absence frustrates the administration of justice. Discovery cannot proceed if Plaintiff's whereabouts are unknown and holding a case in abeyance indefinitely "would be prejudicial" to the Defendant in light of the potentially dispositive exhaustion argument presented in the motion to dismiss. *See* <u>Degen</u>, 517 U.S. at 826, 116 S. Ct. at 1782 (noting that if the government's forfeiture claims were "good, its right to the properties [was] immediate."). If a litigant simply abandoned his or her case by failing to respond to court orders, the case would be dismissed. No difference should be made between one who abandons a case by his failure to act and one who abandons his case by a willful act of escape.

Plaintiff has abandoned this litigation and the case cannot continue in his absence. Therefore, Defendant's unopposed motion to dismiss should be granted pursuant to the fugitive disentitlement doctrine.

Finally, in addition to Plaintiff's failure to reply, the Defendant has also failed to respond to a court order. ECF No. 23. The service Order entered in this case required the United States Marshals Service to send Defendant Martin a copy of the complaint and a request to waive service. ECF No. 15. The Order explained that a defendant in federal court has "a duty to avoid unnecessary expenses of serving the summons." FED. R. CIV. P. 4(d)(1) (quoted in ECF No. 15 at 2). Defendant Martin did not, however, return the waiver of service form and the Marshals Service was required to personally serve Defendant Martin. ECF Nos. 15, 17-19. In filing the executed summons, the Marshals Service indicated that the costs incurred in making such service was a service charge of $65.00 and travel costs of $35.65 for a total charge of $100.65. ECF No. 19. Rule 4 provides that a Defendant who "fails, without good cause, to sign and return a waiver" may be required to pay the costs of service. FED. R. CIV. P. 4(d)(2). Defendant Martin was given an opportunity to show good cause why she should not be required to pay the expenses incurred by the United States Marshals Service in serving Plaintiff's complaint. ECF No. 23 (citing ECF No. 19). No response to that Order has been filed. Notwithstanding Plaintiff's subsequent fugitive status, Defendant should not be relieved of the obligation to pay the costs of service pursuant to Rule 4 caused by her

failure to return the waiver form.  *See* ECF No. 17.   Therefore, Defendant must pay $100.65 to the United States Marshals Service on or before **January 25, 2018**.

## O R D E R

Accordingly, it is **ORDERED** that Defendant Martin must pay $100.65 to the United States Marshals Service on or before **January 25, 2018**.

## REPORT AND RECOMMENDATION

It is **RECOMMENDED** that the Defendant's motion to dismiss, ECF No. 22, be **GRANTED** pursuant to the fugitive disentitlement doctrine, and this case be dismissed.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2018.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.